## AMERICAN TRADING CO. OF NEW ORLEANS v. FAIRHAVEN CO.

(District Court, N. D. California, Third Division. July 18, 1923.)

### No. 17332.

Shipping ⬤⟞138—Stranding of vessel without negligence is "peril of sea" within Harter Act.

Stranding of vessel, in absence of unseaworthiness, improper manning, or negligence, is a "peril of the sea" within Harter Act, § 3 (Comp. St. § 8031).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Perils of the Sea.]

In Admiralty. Libel by the American Trading Company of New Orleans against

the Fairhaven Company. On exceptions to libel. Exceptions sustained.

John D. & M. A. Grace, of New Orleans, La., and Nathan H. Frank and Irving H. Frank, both of San Francisco, Cal., for libelant.

Farnham P. Griffiths and McCutchen, Olney, Mannon & Greene, all of San Francisco, Cal., for respondent.

PARTRIDGE, District Judge. This case is before the court upon exceptions to the libel. It is alleged that the American Trading Company of New Orleans delivered to the Fairhaven 2,812 bags of sugar at Chinandega. When the vessel was about half a mile out from Gordon Head Lighthouse, she stranded, and, although efforts were made to relieve her, she settled by the head and took a list to port. Water accumulated in the forward part of the hold, and, in a short time, the bilges showed over two feet of water aft and more than four feet of water over the ship's ceiling forward. The water extended over dunnage, and came in contact with the sugar, causing the damage and loss.

There is no allegation whatsoever that the ship was unseaworthy, nor was not properly manned, nor, indeed, any charge that the stranding was due to any negligence.

Section 3 of the Harter Act (Comp. St. § 8031) provides:

"That if the owner of any vessel transporting merchandise or property to or from any port in the United States of America shall exercise due diligence to make the said vessel in all respects seaworthy and properly manned, equipped, and supplied, neither the vessel, her owner or owners, agent, or charterers, shall become or be held responsible for damage or loss resulting from faults or errors in navigation or in the management of said vessel nor shall the vessel, her owner or owners, charters, agent, or master be held liable for losses arising from dangers of the sea or other navigable waters, acts of God, or public enemies, or the inherent defect, quality, or vice of the thing carried, or from insufficiency of package, or seizure under legal process, or for loss resulting from any act or omission of the shipper or owner of the goods, his agent or representative, or from saving or attempting to save life or property at sea, or from any deviation in rendering such service."

In The Warren Adams, 74 F. 414, 20 C. C. A. 488, the Court of Appeals for the Second Circuit said:

"When goods in the custody of a common carrier are damaged after their reception, and before their delivery, there is a prima facie presumption that the injury is occasioned by the carrier's default, and the burden is upon him to prove that it arose from a cause for which he was not responsible. If it appears that the injury has been caused by the dangers of navigation, or some other cause within the exception of the bill of lading, then it devolves upon the shipper to make out that the damage might have been avoided by the exercise of reasonable care and skill upon the part of the carrier. No loss which is the result of ordinary wear and tear, or a necessary consequence of the employment of the vessel in the usual course of navigation, is a loss by 'perils of the seas.' That term may be defined as denoting 'all marine casualties resulting from the violent action of the elements, as distinguished from their natural, silent influence, upon the fabric of the vessel; casualties which may, and not consequences which must, occur."

The third edition of Arnold on Insurance, at page 687, defines "perils of the sea" as "all kinds of marine casualties such as shipwreck, foundering, stranding, etc., and every species of damage to the ship or goods at sea, by the violent and immediate action of the waters and waves, not comprehended in the ordinary wear and tear of the voyage or directly referable to the acts and negligence of the assured as its approximate cause."

It may perhaps be said that, prior to the Harter Act, the question as to whether stranding was a peril of the sea and within the exception might depend upon the facts or circumstances. This is perhaps indicated by the general discussion of that subject in Carver on Carriage by Sea, p. 119, where it would seem that, in the view of the author, stranding is a peril of the sea only when it is upon not generally known reefs, or upon known reefs when the vessel has lost her course owing to fog or other causes, without any want of skill or care. Such, however, is not the case in this country since the enactment of the Harter Act.

I do not think the libel states a cause of action, and the exceptions will therefore be sustained.