**FASS et al. v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION et al.**

(District Court, N. D. California, S. D. July 31, 1924.)

No. 17981.

Shipping ⊜125, 136—Deviation vitiates bill of lading provisions and deprives carrier of exemption under Harter Act.

Deviation is highest form of negligence, and vitiates bill of lading provisions, and deprives carrier of exemption from liability under Harter Act, § 3 (Comp. St. § 8031).

In Admiralty. Suit by Max Fass and others against the United States Shipping Board Emergency Fleet Corporation and others. On exceptions to libel. Exceptions overruled.

See, also, 9 F.(2d) 1004.

McClanahan & Derby, of San Francisco, Cal., for libelants.

McCutchen, Olney, Mannon & Greene, of San Francisco, Cal., for respondents.

PARTRIDGE, District Judge. This cause is submitted on exceptions to the libel. It appears from the allegations of the libel that certain goods were offered and received for shipment under bill of lading on the steamship Brush; and that the Brush, instead of pursuing the agreed course, deviated, as a result of which the steamer stranded and the goods were lost or damaged.

In American Trading Co. v. Fairhaven Co., 10 F.(2d) 981, I have heretofore considered the question as to the effect of section 3 of the Harter Act (Comp. St. § 8031), where there is an allegation of stranding, without any allegation of negligence or anything of that sort. That case is cited here in support of the exceptions. I am of the opinion, however, that section 3 of the Harter Act does not relieve the respondent from liability, for the very simple reason that deviation is, of course, the highest form of negligence. I sustained the Fairhaven Case, for the reason that there was no allegation of any negligence, unseaworthiness, or anything of that sort, and that the allegation was merely that the vessel stranded and the water came in above the dunnage and damaged the goods. In this case, however, there is a clear allegation of deviation. Deviation, in my opinion, not only vitiates the provisions of the bill of lading, but also takes the case out of the provisions of the Harter Act.

The exceptions to the libel are therefore overruled, with the usual time to answer.